# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE # 08-3158

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| **National Glass & Gate Service, Inc. d/b/a NG&G Facility Services International, Inc.** | **Service Everywhere, L.L.C.** |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK **ONE** APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) **AA** AGENCY APPEAL | ( ) **EX** EXCESSIVE TAX | ( ) **PR** PARTITION |
| ( ) **AB** ASSAULT & BATTERY | ( ) **FF** FORFEITURE | ( ) **RC** REINSTATE CHARTER |
| ( ) **AE** ASBESTOS CASES | ( ) **FG** FOREIGN JUDGMENT | ( ) **PT** PROMISSARY NOTE |
| ( ) **AI** ANTI-TRUST | ( ) **FS** FRIENDLY SUIT | ( ) **RY** REAL PROPERTY |
| ( ) **BA** BOOK ACCOUNT | ( ) **ID** PER INJURY/PROP DAM/VEH | ( ) **SA** SEXUAL ABUSE |
| ( ) **BP** BILL OF RIGHTS-POLICE OFF | ( ) **IJ** INJUNCTIVE RELIEF | ( ) **SF** SPECIFIC PERFORMANCE |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIM | ( ) **IP** INTERPLEADER | ( ) **SX** SEXUAL HARASSMENT |
| ( ) **CI** CRIMINAL INJURY COMP | ( ) **LC** LEAD CASE | (X) **TD** CONTRACT DAMAGES |
| ( ) **CL** COMMON LAW ASSIGNMENT | ( ) **LS** LIBEL/SLANDER | ( ) **TE** TRESSPASS & EJECTMENT |
| ( ) **CM** COMMON LAW LIEN | ( ) **ME** MALPRACTICE/LEGAL | ( ) **TO** TITLE CLEARING |
| ( ) **CS** CONVERSION | ( ) **MM** MALPRACTICE/MEDICAL | ( ) **TV** TRUSTEE/APPT CONVEY TITLE |
| ( ) **CV** CRIMINAL CONVERSION | ( ) **MO** MALPRACTICE/OTHER | ( ) **TG** TRUSTEE/ACCOUNTING |
| ( ) **CH** CIVIL RIGHTS/JOB DISCRIMIN | ( ) **OV** OTHER CIVIL ACTION | ( ) **UM** UNINSURED MOTORIST |
| ( ) **DJ** DECLARATORY JUDGMENT | ( ) **PB** PROPERTY DAMAGES | ( ) **WM** WRIT OF MANDAMUS |
| ( ) **DG** RECOVERY OF DAMAGES | ( ) **PG** PROPERTY DAMAGES/VEH | ( ) **WR** WRIT OF REPLEVIN |
| ( ) **DB** DEBT ON JUDGMENT | ( ) **PI** PERSONAL INJURY | ( ) **WD** WRONGFUL DEATH |
| ( ) **DD** DECEPTIVE TRADE PRACTICE | ( ) **PJ** PERSONAL INJURY/VEHICLE | |
| ( ) **DN** DENIAL OF PROBATE CLAIM | ( ) **PL** PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) **AC** ARBITRATION/CONFIRM | ( ) **GJ** GRAND JURY INVESTIGATION | ( ) **PX** PETITION TO EXPUNGE |
| ( ) **AD** ARBITRATION AWARD | ( ) **HC** HABEAS CORPUS | ( ) **PY** PETITION INVENT (WIRE TAP) |
| ( ) **AS** ASSESSMENT OF DAMAGES | ( ) **LN** LEVEL COMMUN NOTIFICATION | ( ) **RB** ARBITRATION REFERRAL |
| ( ) **CE** CONDEMNATION | ( ) **ML** MECHANICS LIEN | ( ) **RP** RULE 5A PETITION |
| ( ) **CN** CONFIRM COMPROMISE | ( ) **MW** MATERIAL WITNESS | ( ) **RV** RECEIVERSHIP |
| ( ) **CP** CONTEMPT | ( ) **OM** OTHER MISC PETITION | ( ) **SO** SEXUAL VIOLENT PREDATOR |
| ( ) **DI** DISCLAIMER | ( ) **OW** OUT OF STATE WITNESS | ( ) **TA** APPOINTMENT OF TRUSTEE |
| ( ) **DS** DISSOLUTION OF CORP | ( ) **PC** POST CONVICTION RELIEF | ( ) **TC** TITLE CLEARING (TAX TITLE) |
| ( ) **DT** DECLINATION OF TRUSTEE | ( ) **PD** PETITION TO TAKE DEPO | ( ) **TL** FORECLOSURE/TAX LIEN |
| ( ) **EN** END PARTNERSHIP | ( ) **PM** PETITION FOR IMMUNITY | ( ) **TS** TRUSTEE SUCCESSOR |
| ( ) **FC** FORFEITURE OF CHARTER | ( ) **PO** PETITION FOR CONSTABLE | ( ) **VC** VACATE ARBITRATION |
| ( ) **FL** FORECLOSURE RIGHTS REDEM | ( ) **PS** PERFORM SURGERY | |

True Copy Attest

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) **GD** GUARDIANSHIP | ( ) **OA** OTHER PROBATE APPEAL | ( ) **WL** WILL |
| ( ) **NC** NAME CHANGE | ( ) **TU** TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

SUPERIOR COURT FILED HENRY S. KINCH JR. CLERK

2008 APR 25 P 4:08

TRIAL (X) YES ( ) NO IF YES: (X) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# 5069

PRO SE/NAME: Stacey P. Nakasian DATE: TODAY 04/25/08

Duffy Sweeney & Scott, One Turks Head Place, Suite 1200
Providence, RI 02903 (401) 455-0700

SC223 (REV05-05)

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

| | | |
|---|---|---|
| **NATIONAL GLASS & GATE SERVICE, INC. d/b/a NG&G FACILITY SERVICES INTERNATIONAL, INC.** <br> **Plaintiff** | : | |
| **v.** | : | **C.A. NO:** 08-3158 |
| **SERVICE EVERYWHERE, L.L.C.** <br> **Defendant** | : | |

**COMPLAINT**

Plaintiff National Glass & Gate Service, Inc. d/b/a NG&G Facility Services International, Inc. ("NG&G"), brings this action against Defendant Service Everywhere, L.L.C. ("Service Everywhere") and alleges as follows:

**PARTIES**

1. NG&G is a Rhode Island corporation with its principal place of business at 263 Jenckes Hill Road, Lincoln, Rhode Island.

2. Defendant Service Everywhere is a Delaware corporation with its principal place of business in Houston, Texas.

**JURISDICTION AND VENUE**

3. This Court has personal jurisdiction over Service Everywhere because, among other things, this matter relates to contracts entered into between Service Everywhere and NG&G in Rhode Island for services to be provided by NG&G in Rhode Island for Service Everywhere. In addition, this action involves, in part, funds being held in Rhode Island pursuant to the agreement of the parties.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2008 APR 25 P 4: 06

4. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the statutory amount.

5. Venue for this action is proper because Plaintiff's principal place of business is in Rhode Island.

## FACTS

6. NG&G is engaged in the business of providing facilities maintenance and repair services for its customers.

7. Upon information and belief, Service Everywhere is a contractor that has service agreements with certain property owners and their management agents ("Owners") to perform call center support and provide related services for maintenance and repair of the Owners' properties. The Owners under agreement with Service Everywhere include Bank of America and Washington Mutual Bank, S.A.

8. In 2002, NG&G and Service Everywhere entered into a contract pursuant to which NG&G agreed to provide on behalf of Service Everywhere virtually all services required of Service Everywhere by its contract with Washington Mutual. The services NG&G agreed to provide include receiving the property owner's request for service at NG&G's Rhode Island call center, dispatching its contracted vendors to perform the work, and paying vendors for the services performed.

9. In 2004, NG&G and Service Everywhere entered into a similar contract for NG&G to provide the same services to support Service Everywhere in its contract with Bank of America.

10. NG&G also has performed similar services for Service Everywhere in connection with other Owners pursuant to other service agreements. As used herein, the

True Copy Attest
Office of Clerk of Supreme Court
Counties of Providence and Bristol
Providence, Rhode Island

19. Upon information and belief, Service Everywhere had at that time or shortly thereafter billed the Owners for those invoices and subsequently collected from the Owners most if not all of the amounts invoiced. Rather than disburse the amounts due to NG&G on those collections, Service Everywhere retained not only its Profit Interest, but also NG&G's profit share and the amounts needed to pay the vendors who performed the work.

20. NG&G and Service Everywhere continued to discuss the outstanding disbursements due to NG&G. NG&G became increasingly concerned that Service Everywhere was experiencing financial issues and that funds due and owing to NG&G and its vendors were being diverted to other purposes.

21. In early 2008, NG&G proposed that while the parties worked to resolve their issues, Service Everywhere place in escrow all amounts collected from Owners on NG&G work less the Service Everywhere Profit Interest. NG&G made this proposal to ensure that the funds (1) would not be diverted or misapplied by Service Everywhere and (2) would be beyond the reach of Service Everywhere's creditors. The proposal was both reasonable and fair because Service Everywhere was not entitled to retain amounts beyond the Service Everywhere Profit Interest.

22. In or about March 2008 NG&G and Service Everywhere reached an agreement (the "2008 Agreement") that Service Everywhere would provide weekly reports of collections on outstanding invoices from Owners and that Service Everywhere would make weekly wires of the amounts collected less the Service Everywhere Profit Interest to a client funds account maintained by NG&G's counsel (the "Designated Account"). According to the parties' agreement, NG&G would be entitled to the funds in

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

the Designated Account upon providing certain documentation to Service Everywhere, including confirmation that NG&G paid the vendors who provided the work associated with the collections.

23. Service Everywhere made four wires totaling $635,936.57 into the Designated Account pursuant to the 2008 Agreement. The last wire was made by Service Everywhere on April 2, 2008.

24. As of the date of this filing, the last report provided by Service Everywhere to NG&G reflected that Service Everywhere has made collections from Owners through March 31, 2008 of approximately $1.4 Million on work subject to the Service Agreements and the 2008 Agreement. Notwithstanding these collections, Service Everywhere has only placed $635,936.57 into the Designated Account. Upon information and belief, other amounts subject to the parties' Service Agreements and 2008 Agreement have been collected by Service Everywhere.

25. NG&G has provided Service Everywhere with confirmation of vendor payments and other required documentation relating to the entire amount currently held in the Designated Account. Accordingly, NG&G is entitled to immediate release of the funds in that account.

**COUNT ONE**

**(Breach of Contract – Service Agreements)**

26. NG&G repeats and realleges the allegations contained in Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. NG&G and Service Everywhere entered into two written contracts and numerous other contracts, the Service Agreements.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

28. Pursuant to the terms of the Service Agreements, NG&G provided various services on behalf of Service Everywhere to the Owners. In exchange, Service Everywhere agreed to disburse to NG&G all monies collected from the Owners for the services provided less the Service Everywhere Profit Interest.

29. Service Everywhere has collected payments from the Owners that are subject to its Service Agreements with NG&G, yet Service Everywhere has not disbursed any proceeds of those collections to NG&G.

30. Service Everywhere has breached its Service Agreements with NG&G by failing to disburse proceeds of its collections for work performed by NG&G and its vendors.

31. NG&G has been damaged as a direct and proximate result of Service Everywhere's breach of the Service Agreement.

**COUNT TWO**

**(Breach of Contract – 2008 Agreement)**

32. NG&G repeats and realleges the allegations contained in Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. In 2008, NG&G and Service Everywhere entered into the 2008 Agreement pursuant to which Service Everywhere was to deposit into the Designated Account all amounts collected from the Owners on work subject to the Service Agreements less the Service Everywhere Profit Interest.

34. Although Service Everywhere admits to having collected approximately $1.4 million from its customers as of March 31, 2008 that is subject to the 2008 Agreement, it only has deposited $635,936.51 into the Designated Account. Its failure to

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

deposit the appropriate amount from its remaining collections constitutes a breach of the 2008 Agreement.

35. NG&G has been damaged as a direct and proximate result of Service Everywhere's breach of the 2008 Agreement.

## COUNT THREE

### (Unjust Enrichment)

36. NG&G repeats and realleges the allegations contained in Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Pursuant to the parties' Service Agreements and practice, NG&G was entitled to receive disbursements of all amounts collected by Service Everywhere from the Owners for work performed by NG&G after Service Everywhere deducted its Service Everywhere Profit Interest.

38. Service Everywhere has received payments from Owners for work performed by NG&G but has failed to make the disbursements required by the Service Agreements.

39. As a result of its failure to disburse amounts due to NG&G for services performed, Service Everywhere has been unjustly enriched.

40. Service Everywhere also has been unjustly enriched as a result of its failure to wire its collections, less the Service Everywhere Profit Interest, into the Designated Account pursuant to the parties' 2008 Agreement.

41. NG&G has been damaged as a direct and approximate result of Service Everywhere's actions.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

WHEREFORE, NG&G respectfully requests that this Court:

1. Enter a judgment in favor of NG&G on all counts of the Complaint;

2. Require Service Everywhere to provide a full accounting of all amounts billed to and received from Owners in connection with work performed by NG&G for which Service Everywhere has not disbursed all collected amounts (less the Service Everywhere Profit Interest) to NG&G;

3. Award damages in an amount to compensate NG&G;

4. Award pre- and post-judgment interest on damages caused by Defendant's conduct;

5. Award Plaintiff its costs and attorneys fees pursuant to the parties' contracts, pursuant to R.I. Gen. L. §9-1-44 and applicable Law; and

6. Award Plaintiff such other and further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS THAT THIS MATTER BE TRIED BEFORE A JURY.**

**PLAINTIFF**

**NATIONAL GLASS & GATE SERVICE, INC.**

By ____________________

Stacey P. Nakasian (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 – Phone
(401) 455-0701 – Fax

Dated: April 25, 2008

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island