UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NATIONAL GLASS & GATE SERVICE, INC. d/b/a NG & G FACILITY SERVICES INTERNATIONAL, INC., Plaintiff | : | |
| vs. | : | C.A. No.: 08-186/S |
| SERVICE EVERYWHERE, LLC, Defendant | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT, SERVICE EVERYWHERE, LLC'S MOTION FOR EXPEDITED HEARING**

NOW COMES Defendant, Service Everywhere, LLC ("Service"), by and through counsel, and hereby submits the within memorandum in support of Service's accompanying motion for expedited hearing in connection with the above-identified action.

On or about April 25, 2008, Plaintiff, National Glass & Gate Service, Inc., d/b/a NG&G Facility Services International, Inc. ("NG&G") filed its Complaint against Service in the Rhode Island Superior Court, Providence County. Thereafter, on or about April 28th, NG&G effectuated service of process of its Complaint upon Service.

In response to NG&G's Complaint, on May 15, 2008, Service filed a Notice of Removal in this Court, thereby removing the instant litigation from the Rhode Island Superior Court to this

Court. Later on that same day, NG&G filed a motion for temporary restraining order, and, further, requested an emergency conference/hearing with this Court thereon.

On May 16, 2008, this Court conducted a conference with counsel upon NG&G's motion for temporary restraining order, and, further, at the conclusion of the same continued said conference for further proceedings on the afternoon of May 19, 2008. Notwithstanding the same, at the very beginning of the May 16th conference, Service, by and through its counsel, advised the Court that it was its intention to immediately move the Court to dismiss NG&G's Complaint, or, in the alternative, to transfer the venue of the instant litigation to the Federal Court(s) for the State of Delaware based upon the exclusive forum selection clause set forth in the contracts that are the basis of NG&G's Complaint in this matter. In furtherance of the same, Service objected to the Court considering NG&G's motion for temporary injunctive relief at that time.

Subsequently, in advance of the continued May 19th conference upon NG&G's motion for temporary restraining order, Service filed its motion to dismiss, or, in the alternative, motion to transfer venue with this Court. Once again, at the commencement of the May 19th continued conference, Service, by and through its counsel, advised the Court as to the pendency of its motion, and, further, urged the Court that, in the first instance, the same should be considered, and determined, prior to passing upon NG&G's motion for temporary restraining order and objected to the Court considering NG&G's motion at that time. Notwithstanding, however, the Court, over Service's objection, issued certain injunctive relief in favor of NG&G, and, further, indicated that NG&G's request for preliminary injunctive relief would be referred to, and scheduled for, hearing. Pursuant to the same, this Court has scheduled a hearing upon NG&G's request for preliminary injunctive relief for May 29, 2008.

Insofar as the Court has passed upon, at least in part, NG&G's motion for temporary restraining order, and, further, issued an order in connection therewith, Service prevails upon the Court that prior to any further proceedings in this matter and/or substantive determinations, that, as an initial matter, the Court must consider, and determine, Service's pending motion to dismiss, or, in the alternative, motion to transfer venue for all of the reasons stated therein. Despite the clear and ambiguous language of the parties' contracts, certain of the substantive rights of the parties, and, more particularly, those of Service, have now been effected by an order of this Court. Service takes exception to the same, and requests that prior to any further proceedings and/or determinations on the merits in this matter that this Court consider the question of whether or not the instant litigation is properly before this Court in light of the parties' express forum selection clause. Should this Court fail to address this issue as an initial matter there is a likelihood that Service's interests, rights and/or position in this action will be prejudiced.

In the alternative, should this Court not be able to accommodate Service's request for an expedited hearing on its pending motion to dismiss, or, in the alternative motion to transfer venue, Service requests that this Court schedule the same contemporaneously with any hearing upon NG&G's request for preliminary injunctive relief . At present, that motion is scheduled to be called for hearing on May 29, 2008.

WHEREFORE, for the foregoing reasons, Services respectfully prays that this Court enter an order scheduling an expedited hearing upon Service's pending motion to dismiss, or, in the alternative, to transfer venue, or, alternatively, that this Court schedule a hearing upon Service's motion contemporaneous with any hearing upon NG&G's request for preliminary injunctive

relief, and, further, that this Court award to Service such other and further relief has this Court may deem fair, just and reasonable.

Respectfully submitted,

Service Everywhere, LLC

By its Attorneys,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, Fourth Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778
Email: cmulhearn@frlawri.com

Dated: May 21, 2008

## Certification of Service

I hereby certify that on this 21st day of May, 2008, a true and accurate copy of the foregoing was served upon **Stacy P. Nakasian, Esq.**, Duffy, Sweeney & Scott, Ltd., One Turks Head Place, Suite 1200, Providence, Rhode Island, 02903 by e-mail

/s/ Christopher M. Mulhearn