**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NATIONAL GLASS & GATE SERVICE, INC. d/b/a NG&G FACILITY SERVICES INTERNATIONAL, INC.** | : | |
| **Plaintiff** | : | |
| **v.** | : | **C.A. NO: 08-186S** |
| **SERVICE EVERYWHERE, L.L.C.** **Defendant** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendant Service Everywhere, LLC ( "Service") requests that this Court dismiss or transfer this action to Delaware based on a venue provision in two written contracts between the parties. Those contracts, however, apply to only a portion of the claims in this action. The other service contracts at issue have no venue or forum selection terms. Moreover, this action involves a separate breach of contract claim relating to an oral agreement that contains no venue restrictions pursuant to which over $700,000 at issue in the suit has been placed in a designated account in this district. Based on these facts, as discussed further below, the venue provision cited by Service does not support dismissal or transfer. Even if the venue provision applied to all the claims in this suit, the transfer analysis required by 28 U.S.C. § 1404(a) supports retention of the action in this district. Finally, the venue provision, to the extent it applies, is vague and ambiguous and does not provide grounds for the dismissal or transfer of even those portions of this action that relate to the contracts containing the provision.

Plaintiff National Glass & Gate Service, Inc. d/b/a NG&G Facility Services International, Inc. ("NG&G"), submits that Service's Motion to Dismiss is nothing but an attempt to sidetrack these proceedings in the hope that the TRO will expire prior to a court determining NG&G's application for preliminary injunction, thereby relieving Service of any further escrow obligations. Service clearly also hopes to increase the inconvenience and cost of this litigation for NG&G by attempting to transfer the action to Delaware – a jurisdiction where none of the parties, witnesses or evidence is located.[1]

**FACTS**

Service includes in its memorandum a five-page recitation of "pertinent facts," not one of which is supported by affidavit or verified pleading. NG&G disputes much of what is set forth in that section of Service's memorandum. However, because those facts are not relevant to the pending motion, and given the expedited schedule for the motion, NG&G will not respond to Service's assertions here. Rather, NG&G will await Service's presentation of evidence at the preliminary injunction hearing and respond at that time.

NG&G does not believe that any of the limited facts relevant to the current motion are disputed. However, to the extent they are, "[i]n resolving a Rule 12(b)(3) motion based upon a forum selection clause, the district court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Vision Tech. Design and Mfg., Inc. v. General Wire Spring Co.*, 2007 WL 2069945 *4 (E.D. Cal. 2007).

---

[1] The only nexus to Delaware is that it is the state of incorporation for Service, which is located in Houston, Texas.

## ARGUMENT

### 1. <u>No Basis Exists for Dismissal of this Action</u>

Service argues that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. Significantly, Service does not dispute that it is subject to this Court's jurisdiction. For that reason, Service's venue argument does not support dismissal of this action. *See* 28 U.S.C. §1406(a); *see also Stewart Org., Inc. v. Ricoh Corp.*, 478 U.S. 22, 28 n.8 (1988).

### 2. <u>Transfer Must be Denied Because the Venue Provision does not Apply to All of NG&G's Claims</u>

Service's alternative motion to transfer is based entirely on its argument that the parties' contracts relating to the Bank of America ("BOA") and Washington Mutual ("WaMu") accounts contain a venue provision. However, as set forth in the Complaint, the parties had numerous other service agreements in addition to those two contacts. *See* Complaint paras. 8-10. NG&G's claims include claims for Service's breach of those other service agreements. NG&G also has a separate claim arising out of Service's breach of a separate agreement reached by the parties in 2008 (the "2008 Agreement"), pursuant to which Service agreed to wire certain funds into a designated account in this district. *Id.* para. 22. Neither the 2008 Agreement nor the other service agreements which are the subject of NG&G's complaint contain <u>any</u> venue provisions. Moreover, the venue provisions in the BOA and WaMu contracts only purport to apply to suits or actions relating to those two agreements. They do not encompass all actions or other contracts between the parties.

Because NG&G's claims are broader than the scope of the venue provision (assuming it is enforceable at all), that provision does not provide a valid basis to transfer this action. *See Vision Tech.*, 2007 WL 2069945 *8 (holding enforcement of forum selection clause

"unreasonable" where claims exist that are outside the clause); *Imation Corp. v. Quantum Corp.*, 2002 WL 385550, *6 (D. Minn. 2002)(holding forum selection clause not applicable to claims that are broader than the clause); *J.B. Hoffman v. Minuteman Press Int'l, Inc.*, 747 F. Supp. 552, 559 (W.D. Mo. 1990)(transfer denied in part because certain claims outside the scope of the forum selection clause). If the Court were to transfer this action to Deleware on the basis of the venue provision in the BOA and WaMu contracts, it unjustifiably would deprive NG&G "of its right to chose the forum in which its claims that are not governed by the contract will be tried." *Curwood Inc. v. Prodo-Pak Corp.*, 2008 WL 644884, *7 (E.D. Wis. 2008).

### 3. **<u>Transfer is Not Warranted under § 1404(a)</u>**

Even if the venue provision were relevant, 28 U.S.C. § 1404(a) governs the venue question presented by Service's motion. *Stewart*, 478 U.S. at 28. As the Supreme Court has made clear: "Section § 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* at 30 (citations omitted). "The presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." *Id.* However, "[t]he forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . ., but rather the consideration which Congress provided in § 1404(a)." *Id.* at 31.

> Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systematic integrity and fairness that, in addition to private concerns, come under the heading of "the interest of justice." . . . It is conceivable in a particular case, for example, that because of these factors a district court would refuse to transfer a case notwithstanding the counter-weight of a forum-selection clause . . . .

*Id.*

In this case, the significance of the venue provision (limited in application as it is) is far outweighed by the other factors of the § 1404(a) analysis. Service is asking to have this case transferred to the District of Delaware. Neither of the parties is located in Delaware; nor are any witnesses to this action located there. It would be undeniably inconvenient for both parties to litigate there. It is undisputed that the venue provision only applies to two of the several contacts at issue. Although Delaware law may apply to those two contracts, it has no application to the other claims asserted by NG&G in this case. Accordingly, it is difficult to see what, if any, interest Delaware has in taking this case from Rhode Island. On the other hand, NG&G and its witnesses are located in Rhode Island. The funds subject to the 2008 Agreement, which is not governed by Delaware law and not subject to any venue provision, also are located in Rhode Island. These other considerations relevant to § 1404(a) overwhelmingly support retention of this case in this District.

### 3. The Venue Provision is Vague and Ambiguous

Contrary to Service's assertion, the venue provision in the WaMu and BOA contracts are neither clear or unambiguous. The provision of the BOA contract states: "Any suit or action to interpret or enforce this Agreement or with respect to this Agreement must be filed in Delaware, Md., if jurisdiction exists . . . ." *See* Exhibit A hereto, para. 24.[2] First, there is no such place as Delaware, Maryland. Thus, the Court would have to hear evidence to determine what the parties intended by that language. Second, the venue provision does not purport to create jurisdiction that does not otherwise exist. NG&G has no presence in Delaware, and there is no basis to conclude on this record that it would be subject to jurisdiction in that State. These ambiguities in the venue provision provide further justification for the Court exercising its discretion to retain this case in this district.

[2] The venue provision of the WaMu Agreement does not include the reference to "Md."

## CONCLUSION

For the foregoing reasons, NG&G respectfully submits that Service's Motion to Dismiss, or in the alternative Motion to Transfer should be denied.

Respectfully submitted,

**NATIONAL GLASS & GATE SERVICE, INC.**

By /s/ Stacey P. Nakasian

Stacey P. Nakasian (#5069)
snakasian@duffysweeney.com
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700 – Phone
(401) 455-0701 – Fax

Dated: May 27, 2008

**CERTIFICATE OF SERVICE**

To: Christopher M. Mulhearn, Esq.
Ferucci Russo, P.C.
55 Pine Street, Fourth Floor
Providence, RI 02903
cmulhearn@frlawri.com

I hereby certify that the within *Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion to Transfer Venue* was filed through the ECF system on the 27th day of May, 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing.

/s/ Stacey P. Nakasian
Stacey P. Nakasian

NATIONAL GLASS (NG&G)\Service Everywhere\Litigation\Pleadings\USDC 08-186\Memo Opp. MTD 05-27-08.doc